**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILDOR WASHINGTON, II,**

        Petitioner,

v.                                       **CIVIL ACTION NO. 3:14cv135**
                                                 **(Judge Groh)**

**WARDEN, FCI Morgantown,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On December 16, 2014, the Petitioner, an inmate at FCI Morgantown, filed a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he seeks an order expunging his disciplinary record and restoration of his Good Time Credits. On January 9, 2015, Petitioner filed his petition on this Court's approved form. By Order entered January 12, 2015, the Court directed Respondent to show cause why the petition should not be granted. On February 2, 2015, Respondent filed a Motion to Dismiss and Response to Order to Show Cause. On February 3, 2015, a Roseboro Notice was issued, and on February 23, 2015, Petitioner filed a response.

**II. FACTS**

On April 29, 2014, the Special Investigative Staff ("SIS") at FCI Morgantown finished investigating Petitioner for violating Code 217 of 28 C.F.R. § 541.13, Table 3-Prohibited Acts and Disciplinary Severity Scale, which prohibits giving money to, or receiving money from, any person for purposes of introducing any illegal contraband or for any other legal or prohibited purpose.

1

Specifically, it was determined that Petitioner and his wife sent money to another inmate on March 8 and March 27, 2014, to pay for purses the other inmate had made for them. (Dckt. No. 6-2). Petitioner received Incident Report number 2577188 on May 1, 2014, for violation of Code 217. (Id.). On May 5, 2014, the Unit Disciplinary Committee referred the charge to the Disciplinary Hearing Officer ("DHO"). (Id.). The DHO hearing was held on May 13, 2014. At the hearing, the DHO advised Petitioner of his rights. Petitioner declined a staff representative and submitted a written statement in which he admitted to the conduct. In his written statement, Petitioner did raise an issue of timeliness, stating that he admitted to the actions on April 11, 2014, but did not receive the Incident Report until May 1, 2014. Petitioner also disagreed with offense Code 217, stating that his offense was really a violation of Code 328, Giving/Accepting Money Without Staff Authorization. (Dckt. No. Dckt. No. 6-3). The DHO found that Petitioner committed a violation of Code 328. The DHO sanctioned him to a loss of fourteen days good conduct time; fifteen days disciplinary segregation, suspended pending one hundred eighty days clear conduct; ninety days loss of social visitation; and ninety days commissary restriction. (Dckt. No. 6-3, p. 4). The DHO addressed Petitioner's timeliness concern, stating that although he signed an affidavit admitting to his actions on April 11, 2014, this did not mean the investigation had concluded. The DHO went on to say that Petitioner received his report within twenty-four hours of the time the incident investigation was completed, and his initial hearing was held within the allowed five work days. (Dckt. No. 6-3, p. 2).

### III, CONTENTIONS OF THE PARTIES

Petitioner does not deny that he committed the prohibited act as found by the DHO, nor does he allege any violation of his due process rights during the disciplinary proceeding. Instead, he alleges a due process violation based on the fact that the explicit time frames established by Congress

2

in Program Statement 541.5[1] were violated thus resulting in a violation of the Due Process and the Equal Protection Clause of the United States Constitution. For relief, Petitioner requests that this Court order that the Incident Report and the outcome of the UDC and DHO hearing be expunged.

In response to the petition, Respondent argues that according to the Special Investigative Staff ("SIS"), the investigation was not closed until April 29, 2014. (Dckt. No. 6-2). However, even taking Petitioner's allegation as true, Respondent argues that it is well established that the requirements of due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines.

In his reply to the response, Petitioner reiterates that 28 C.F.R. § 541.14(a)[2] explicitly states that staff ordinarily deliver incident reports within twenty-four hours of becoming aware of the incident. Petitioner maintains that the delivery of the Incident Report 3-1/2 weeks later is an egregious violation of public policy. In addition, Petitioner argues that staff did not follow policy by giving the incident report to him before commencing an investigation as required by 28 C.F.R. §541.14.[3]

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

---

[1]Petitioner is apparently referring to 28 U.S.C. § 541.5 which provides as follows:
(a) Incident report. The discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act(s) you were charged with committing. You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident.

[2]The undersigned can find no such provision in the Code of Federal Regulations, and believes Petitioner means § 541.5.

[3]Again, the undersigned can find no such provision and believes Petitioner is referring to § 541.5(b) which provides that "[a]fter [the inmate] receive[s] an incident report, a Bureau staff member will investigate it."

3

it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id.  Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. ANALYSIS

As previously noted, Petitioner's only argument in support of his request for relief is that his due process rights were violated because staff at FCI Morgantown failed to follow the dictates of 28 C.F.R. §541.5 which deals with the discipline process. However, it is well established that the requirements of due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines. Sandin v. Conner, 515 U.S. 472, 485 (1995). Accordingly, an agency's failure to adhere to its own guidelines does not state a due process claim. See Rivas v. Cross, No. 2:10cv98, 2011 WL 1601289 (N.D. W.Va., April 1, 2011)(The language of 28 C.F.R. § 541.15 is not mandatory and does not create a liberty interest); Kentucky v. Dept. of Corr. v. Thompson, 490 U.S. 454, 462-63 (1989)(regulations must contain "explicitly mandatory language" to create a liberty interest); see also Smith v. Bureau of Prisons, 2004 WL 3397938 *5 (W.D. Va. October 22, 2004)(an inmate has no liberty interest under Wolff, or under BOP regulations, in receiving an incident report within a certain period of time after an alleged event occurs). Therefore, it is clear that a violation of an agency regulation does not immediately constitute a constitutional claim. United States v. Caceres, 440 U.S. 741, 751-52 (1978). Petitioner fails to describe any prejudice in not receiving the Incident Report within twenty-four hours, and in light of the fact that Petitioner admitted that he placed money on the account of another inmate, the undersigned cannot imagine what prejudice could have resulted. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997)(requiring petitioner to be prejudiced by a failure to follow prison regulation); White v. U.S.

Parole Comm'n, 856 F.2d 59, 61 (9th Cir. 1988)(same); Von Kahl v. Brennan, 855 F.Supp. 1413 (M.D.Pa. 1994)("[T]his court is reluctant to overtax and/or hamstring officials' execution of disciplinary policies and procedures by mandating an automatic remand for technical non-compliance with a regulation, absent some showing of prejudice to the inmate.").

Prison disciplinary proceedings are not criminal prosecutions, and prisoners do not enjoy "the full panoply of due process rights due a defendant in such [criminal] proceedings." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credit, Wolff holds that due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

Id. at 564-571. The information before the Court reveals that Petitioner was provided due process as contemplated by Wolff.

First, Petitioner received written notice of the charges at least twenty-four hours in advance of the DHO hearing. It is undisputed that Petitioner received a copy of the Incident Report on May 1, 2014, and the DHO hearing was on May 13, 2014. (Dckt. No. 6-3, p.2).

Second, Petitioner was provided a written statement by the DHO as to the evidence relied on and the reasons for the disciplinary action. The DHO report, dated May 22, 2014, notes the specific evidence relied upon to support the finding that Petitioner committed a violation of Code 328. In addition, the report explains the reason for the disciplinary action. Specifically, the report states that:

> Giving or receiving money or anything of value to/from another inmate, or any other person without staff authorization will not be permitted. Actions like this threaten the security and orderly running of the institution. These actions also endanger the safety and quality of life for both inmates and staff.

(Dckt. No. 6-3, p. 4).

Third, Petitioner was advised of his right to call witnesses and present documentary evidence. He chose not to exercise his right to call witnesses but instead submitted a written statement. (Dckt. No. 6-3, p. 3).

Fourth, Petitioner was advised of his right to staff representation but declined said right. Finally, Petitioner was provided an impartial decision-maker. In accordance with BOP regulations, the DHO did not act as the reporting official, investigating officer, UDC member, or witness and did not play a role in referring the charges.[4]

Not only was Petitioner provided all the due process rights required by Wolff, but also the findings made by the DHO are sufficient to support the finding that Petitioner violated Code 328. The Supreme Court held in Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) that "[t]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." The Supreme Court further stated:

---

[4] See 28 C.F.R. § 541.16(b).

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

In reaching his decision, the DHO considered the reporting officer's description of the incident as reported in the Incident Report and Petitioner's admissions in his affidavit, his written statement and his statements at the hearing that he paid another inmate $150 for two purses that the other inmate manufactured for him in the FCI Morgantown Hobby Craft Program. After considering all of the evidence, the DHO found that Petitioner had violated Code 328. So long as there is evidence to support the DHO's determination, it must stand. See Superintendent at 455-56. Here, the testimony and documents considered by the DHO clearly provided "some evidence" from which a rational conclusion could be drawn that Petitioner committed the act as charged.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss (Doc. 9) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 13, 2015.

                                                /s Robert W. Trumble
                                                ROBERT W. TRUMBLE
                                                UNITED STATES MAGISTRATE JUDGE